Michael L. Crowley (SBN 117008)
Andre L. Verdun (SBN 265436)
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
MLCrowley@CrowleyLawGroup.com
AndreVerdun@CrowleyLawGroup.com

Attorneys for Plaintiff
Natalie Stromme

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

**NATALIE STROMME**, an individual,

    Plaintiff,

vs.

**LEGAL RECOVERY LAW OFFICES**, a corporation, and **ANDREW P. RUNDQUIST** an individual, and **CAPITAL ONE SERVICES**, a limited liability company,

    Defendant.

Case No.: **'11CV2608 BEN JMA**

**COMPLAINT FOR DAMAGES**

**DEMAND FOR A JURY TRIAL**

Plaintiff, Natalie Stromme, alleges the following:

## INTRODUCTION

1. Legal Recovery Law Offices, and its agents, are debt collectors that used false and misleading statements in an attempt to collect a debt from plaintiff. By doing so, plaintiff was subjected to actual damages in the form of monetary and non-monetary damages directly related to the illegal debt collection efforts. Also, Legal Recovery Law Offices and its agents, acting as an agent for CAPITAL ONE Services, demanded unreasonable debt repayment terms that violated the "Credit CARD Act of 2009", an amendment to the federal "Truth In Lending Act".

## **PARTIES**

2. Natalie Stromme ("Plaintiff") is, and at all times herein mentioned was, a natural person residing in the State of California, County of Los Angeles.

3. Legal Recovery Law Offices ("LRLO") is, and at all times herein mentioned was, a corporation which lawfully conducts business in the State of California. LRLO is a debt collection law firm whose conduct is regulated by the state and federal Fair Debt Collection Practices Act codified under California Civil Code 1788 *et seq* and Title 15 USC 1692 *et seq,* respectively ("the state and federal FDCPA").

4. ANDREW P. RUNDQUIST ("RUNDQUIST") is, and at all times herein mentioned was, an attorney employed by LRLO as a debt collector. RUNDQUIST is the debt collector who knowingly and willingly violated the state and federal law while attempting to collect a debt from Plaintiff. These actions were ratified by LRLO and he was working as an agent of LRLO when he committed said illegal conduct, and LRLO ratified said illegal conduct.

5. CAPITAL ONE SERVICES, LLC ("CAPITAL ONE") is corporation who hired RUNDQUIST and LRLO to collect debt on their behalf. Acting as CAPITAL ONE's agent, and during the course and scope of their representation of CAPITAL ONE, RUNDQUIST and LRLO used conduct that violated law, thereby subjecting CAPITAL ONE to liability.

6. CAPITAL ONE, RUNDQUIST and LRLO are collectively referred to as "Defendants" except as otherwise stated. RUNDQUIST and LRLO will be collectively referred to as "LRLO Defendants". As to each count under "causes of action", the term "defendant(s)" refer to the specific defendant/defendants specified under each count in brackets under the title of the cause of action.

7. Plaintiff will file an amended complaint if the true names and capacities of other now unknown defendants, whether individual, corporate, associate, or otherwise become known to plaintiff.

## JURISDICTION

8. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of the defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Because the defendants do business within the State of California, personal jurisdiction is established.

## VENUE

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, the defendants conducted business within the State of California.

## FACTUAL ALLEGATIONS

13. On or about May 25th, 2011 LRLO filed suit against plaintiff in the County of Los Angeles, case number 11K09324 demanding the amount of $5,329.73.

14. At no time was plaintiff ever personally served with process of the summons and complaint in case number 11K09324.

15. LRLO defendants performed a "substitute service" on plaintiff's roommate, Tyler Allumbaugh. This service was invalid under California law.

16. On or about July 22nd, 2011, defendants requested default judgment against plaintiff premised on the defective substitute service.

17. Plaintiff was not made aware by defendant of the entry to default filed against her.

18. On or about June 2011 plaintiff hired Credit Solutions, a debt resolution company, to attempt negotiations on the matter with LRLO. Credit Solutions obtained a power of attorney to communicate with LRLO on plaintiff's behalf.

19. On or about July 25th, 2011, Credit Solutions received the following information

on behalf of plaintiff by LRLO Defendants in regards to amounts owed and due:

> ➢ On 01/10/11 LRLO reported the current balance as $7757.54
> ➢  On 02/11/11LRLO reported the current balance as $8800.54
> ➢ On 06/28/11 LRLO reported the current balance as $9143.72

20. The balance on the account LRLO was attempting to collect increased $1,043 over the course of only 32 days (between 1/10/2011 – 2/11/2011). The debt LRLO was attempting to collect increased an additional $43.18 over the next 137 days (between 2/11/2011 – 6/28/2011).

21. In the complaint filed by defendants against plaintiff, defendant's prayer for relief specifically did not request interest because it knew it did not have the right to do so.

22. This representation of an owed and due balance, with an ever fluctuating interest rate, is a materially false characterization of the debt because it distorts the amount of the debt allegedly owed, and, consequently, violates 15 U.S.C. § 1692e, 1692e(10), 15 U.S.C. § 1692f, 1692f(1), and Cal. Civ. Code§ 1788.17.

23. LRLO has been sued on numerous occasions for charging illegal interest on debt. A small sample of just the suits in this district are as follows : *Morris v. Legal Recovery Law Offices* 3:10-cv-02156-JM -POR (SD C.A. 2010), *Adler v. Legal Recovery Law Offices* 3:10-cv-01778-BEN-BLM (SD C.A. 2010), *Guo v. Mark Welsh d/b/a Legal Recovery Law Offices* 3:10-cv-01918-L –RBB (SD C.A. 2010), Uvieghara v. *Legal Recovery Law Offices and CAPITAL ONE* 3:11-cv-02216-IEG-CAB (SD C.A. 2011) See Also, Sarabi v. *Legal Recovery Law Offices and CAPITAL ONE* 3:10-cv-01779-W-WVG (SD C.A. 2010) [charging fees not owed].

24. On or about June 2011, plaintiff personally contacted LRLO and spoke with a female that answered the phone in order to resolve the issue on her own behalf. Plaintiff explained that she wanted to negotiate the debt. The female representative stated the amount owed was $9143.72. Plaintiff inquired as to why she was being sued for $5,000 and they were demanding $9,000 to stop the lawsuit. Plaintiff was told that it was

1 because of fees and other charges that were added to the debt.

2     25. The result of defendant's demands plaintiff was left in a position where she felt that she would have to pay an amount nearly $4,000 over and above what she owed at a 10% interest rate because the illegal amount that defendant was attempting to collect was less than it would cost to hire an attorney and pay the court fees to defend herself against the illegal amount being collected by defendant.

    26. Defendant's conduct described above left plaintiff with the sense of helplessness and hopelessness. Plaintiff describes feeling "lost". As a result, plaintiff began to suffer from depression, anxiety, loss of focus, loss of sleep and emotional distress. At all times during the events described herein, plaintiff was a student and the effects of LRLO defendant's actions disrupted plaintiff's school and work life. Plaintiff also suffered from anxiety over the possibility of having to move a planned wedding since LRLO defendant's were going to attempt to collect an amount of money far above what was owed and under repayment terms that would leave her financially ruined if she attempted to abide by the proposed terms set by LRLO defendants.

    27. On or about August 3rd, 2011, attorney for plaintiff contacted LRLO, by speaking with RUNDQUIST, regarding the lack of service effectuated on plaintiff. The following summarizes the conversation between RUNDQUIST, acting agent for LRLO, and attorney for plaintiff:

- ➢ Plaintiff's attorney identified the account by giving RUNDQUIST case number "11K09324" and stated it was from Los Angeles County.
- ➢ With that information, RUNDQUIST found a file.
- ➢ Rundqust informed plaintiff's attorney that the account was a credit card account owing to CAPITAL ONE. The debtor was Natalie Stromme.
- ➢ RUNDQUIST stated service of process was effectuated on Tyler Allumbaugh.
- ➢ RUNDQUIST stated that multiple attempts were made to serve plaintiff prior to serving Allumbaugh but no one was home. He asserted that made service

effective.
- RUNDQUIST stated erroneously that service is effectuated if the plaintiff knows about the suit regardless of the method of service.
- RUNDQUIST agreed to give plaintiff two weeks to file an answer on Los Angeles County civil case number 11K09324.
- The call was terminated.

28. Plaintiff's attorney then called RUNDQUIST back minutes later to obtain a balance allegedly owed. The following is a summary of the conversation:
- RUNDQUIST stated notes show that Credit Recovery Services was trying to negotiate a settlement but LRLO's offer was never accepted.
- RUNDQUIST stated the same terms would be offered, but no other repayment terms would be permitted.
- RUNDQUIST stated that the balance owed on the account was $9,143.00. He stated that plaintiff could pay 20% down and make 200 dollar a month payments with 10% interest. The initial payment would have to be $1,800.
- RUNDQUIST stated in order to settle, plaintiff would have to agree to a conditional default so if payments were missed, defendant could seek default judgment ex parte.

29. The terms of this repayment plan are not a reasonable method of repayment of a debt as required by the Truth and Lending Act, as modified by the Credit CARD Act of 2009 (15 U.S.C. 1601 *et. seq*).

30. The requirement that plaintiff agree to a conditional default so if payments were missed defendant could seek default judgment ex parte, is not a reasonable method of repayment of a debt as required by the Truth and Lending Act, as modified by the Credit CARD Act of 2009 (15 U.S.C. 1601 *et. seq*).

31. After Plaintiff was made aware of the additional time to respond and the repayment settlement offer, plaintiff inquired of her attorney why $4,000 dollars was

1. added to the credit cards final balance and the balance from the lawsuit.

32. On or about August 3rd, 2011, attorney for plaintiff e-mailed LRLO defendants the following:

> Andrew:
> Thanks for your time today in regards to this matter. I do have a final concern that was brought to my attention by Ms. Stromme that I hope you can clarify. My client tells me that the complaint is in the amount of $5,000 and maybe some change. You indicated to me on the phone that you are demanding $9,143. What is the amount owed and please break that down for me?
> As you surely know, any attempt to collect ANY amount (including interest, attorney fees, collection costs, or expenses) not authorized by the agreement creating the debt is a violation of 15 Title 1692f(1) and triggers a violation of section 1692(e)(2) and California Civil Code section 1788.17. Please explain to me any variances between the cost requested in the suit and the cost demanded to me on the phone today. Please also provide supporting documentation that those amount [sic] can be requested under the agreement. Thank you for your immediate attention to this matter.

33. On or about August 4th, 2011, LRLO defendants, by and through Runduquist, replied with the follow:

> *ok--it seems I was looking at the incorrect "Natalie Stromme" file when I spoke with you yesterday. Per the complaint, the principal balance is $5329.73 and plaintiff's court costs are $289.50 (filing plus service). The available monthly payment plan is a down payment of $1100 due within 30 days and then monthly payments of $125.00/m until the balance is paid in full with interest accruing at 10% on the declining principal balance. The settlement agreement would need to be a stipulation for conditional entry of judgment where upon the defendant's breach of the payment plan and non-cure, plaintiff would be allowed to proceed ex parte for the full balance plus its costs and reasonable attorneys fees, minus whatever payments have been made.*

34. LRLO defendants never cited authority under the original agreement to charge interest in the amount of 10% on the declining principal balance.

35. Moreover, in violation of state and federal FDCPA, this statement provided by LRLO defendants was a lie. By way of demonstration, in order to believe LRLO defendant's statement are true, one would have to believe:

-7-
COMPLAINT FOR DAMAGES

- As RUNDQUIST stated in this email, Defendants are collecting debts against two people named "Natalie Stromme"
- Both people named "Natalie Stromme" had CAPITAL ONE credit cards
- Both people named "Natalie Stromme" hired Credit Solutions to negotiate their debt with Defendants
- Both people named "Natalie Stromme" were sued by defendants in Los Angeles Superior Court
- Both people named "Natalie Stromme" lived with a male named "Tyler Allumbaugh" who was served process on "Natalie Stromme"'s behalf
- Default was requested by Defendants as against both "Natalie Strommes"
- Finally, and most coincidental of all, both people named "Natalie Stromme" shared Los Angeles County Civil Case number 11K09324.

36. In addition to being an untrue statement, the terms of this repayment plan are not a reasonable method of repayment of a debt as required by the Truth and Lending Act, as modified by the Credit CARD Act of 2009.

37. The unreasonable repayment terms, including the requirement of conditional default to enter into a repayment agreement, is an unfair debt collection methods under the 15 U.S.C. § 1692 *et seq* and California Civil Code section 1788.17.

38. Further evidence that defendant was attempting to collect an amount more than what plaintiff actually owed is evidenced by the amount defendant was demanding during the last contact between the defendant and Credit Solutions is also the amount defendant was seeking during the discussion with plaintiff's attorney.

39. When plaintiff attempted to arrange for debt repayment, defendants attempted to

make plaintiff pay more money than she actually owed, in violation of 15 U.S.C. § 1692 *et seq.* To relieve herself from this illegal burden, plaintiff hired Credit Solutions to negotiate a fair and legal repayment method. When that failed, plaintiff hired an attorney who was successful in lowering the balance to what was owed but unsuccessful in negotiating a repayment term that was not in violation of 15 U.S.C. § 1692 *et seq (FDCPA) and* 15 U.S.C. § 1600 *et seq (Truth In Lending)*. The costs for these services are actual damages incurred by the Plaintiff.

## CAUSES OF ACTION

### COUNT 1

***ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)***

***CAL. CIV. CODE§§ 1788-1788.32***

***(AS AGAINST LRLO AND RUNDQUIST)***

40. Plaintiff reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

41. Defendant is a "debt collector" as defined by California Civil Code § 1788.2(c).

42. Plaintiff is a "person" as defined by California Civil Code § 1788.2(g).

43. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" as those terms are defined by California Civil Code § 1788.2(f).

44. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.324.

45. In addition to the foregoing acts, examples of specific violations of the Rosenthal Act are:

    a. Defendants violated 1788.10(f) by telling plaintiff she owed more than she did, which is an untrue statement.

      b. Defendants violated 1788.13(e) by making false representations that the consumer debt may be increased by the addition fees when, in fact, such fees or charges may not legally be added to the existing obligation;

46. As a result of each and every violation of the Rosenthal Act, the plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## COUNT 2

### *VIOLATION OF FEDERAL LAW INCORPORATED INTO CALIFORNIA LAW*
### *CAL. CIV. CODE 1788.17*
### *(AS AGAINST LRLO AND RUNDQUIST)*

47. Plaintiff reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

48. California Civil Code section 1788.17 provides any entity included in the class of entities whose debt collection activities are regulated under California Civil Code section 1788 *et seq,* as defined by California Civil Code § 1788.2(c), have violated California Civil Code section 1788.17 when particular sections of Title 15 USC 1692 *et seq* are violated. If, under Civil Code section 1788.17 when particular sections of Title 15 USC 1692 *et seq* are violated, the plaintiff can claim additional damages under 1788.17 as permitted under Title 15 USC 1692 *et seq* in addition to damages available under California law for violation of California Civil Code section 1788 *et seq.* Count two of this complaint alleges damages under California Civil Code section 1788.17 for violation of Title 15 USC 1692.

49. Defendant is included in the class of entities whose debt collection activities are regulated under California Civil Code section 1788 *et seq,* as defined by California Civil Code § 1788.2(c)

-10-
COMPLAINT FOR DAMAGES

Stromme v. Legal Recovery Law Offices, *et al*

50. Plaintiff is a "person" as defined by California Civil Code § 1788.2(g).

51. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" as those terms are defined by California Civil Code § 1788.2(f).

52. The foregoing acts and omissions constitute numerous and multiple violations of the Title 15 USC 1692 *et seq*, including but not limited to each and every one of the above cited provisions of 15 U.S.C. § 1692 *et seq*.

53. In addition to the foregoing acts, examples of specific violations of the FDCPA as incorporated under California Civil Code section 1788.17 are:

    a. Defendants violated 15 U.S.C. § 1692g(a)(1) for failing to state a complete and reasonable disclosure of accruing and unknown charges the Defendants claim is owed. More specifically, Defendants were attempting to collect an increased $1,043 in unknown charges over the course of only 32 days (between 1/10/2011 – 2/11/2011) and to collect increased additional $43.18 unknown charges over the next 137 days (between 2/11/2011 – 6/28/2011).

    b. Defendants violated 15 U.S.C. § 1692d which prohibits conduct that would harass, oppress or abuse *any* person in connection with a debt in the following ways:

        i. Requiring plaintiff to take conditional default in order to reestablish repayment terms with defendant, and

        ii. Demanding repayment terms in violation of federal law, specifically, the Truth In Lending Act.

    c. Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt, specifically:

///

-11-

COMPLAINT FOR DAMAGES

Stromme v. Legal Recovery Law Offices, *et al*

     i. Demanding payment in an unreasonable amount in violation of the Truth in Lending Act (15 U.S.C. § 1601 *et. seq.*);

     ii. Requiring plaintiff to take conditional default in order to reestablish repayment terms with defendant;

     iii. Failing to state a complete and reasonable disclosure of accruing and unknown charges the Defendants claim is owed. More specifically, Defendants were attempting to collect an increased $1,043 in unknown charges over the course of only 32 days (between 1/10/2011 – 2/11/2011) and to collect increased additional $43.18 unknown charges over the next 137 days (between 2/11/2011 – 6/28/2011); and

     iv. Demanding interest not owed.

  d. Defendants violated 15 U.S.C. § 1692e by misrepresenting that defendants had the right to demand with 20% down and large monthly payments, when they were only permitted to demand payment pursuant to the terms of 15 USCS § 1666i-1(c).

54. As a result of each and every violation of the Title 15 USC 1692 *et seq*, the plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally, as incorporated under California Civil Code 1788.17.

## COUNT 3
### *FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)*
### *15 U.S.C. §§ 1692 ET SEQ.*
### *(AS AGAINST LRLO AND RUNDQUIST)*

55. Plaintiff reaffirms and realleges paragraphs above herein as if specifically set

-12-
COMPLAINT FOR DAMAGES

Stromme v. Legal Recovery Law Offices, *et al*

forth more fully herein below.

56. Defendants are "debt collectors" as defined by 15 USC 1692a(6).

57. Plaintiff is a "consumer" as defined by 15 USC section 1692c(d) and 15 USC 1692a(3).

58. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

59. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

60. In addition to the foregoing acts, examples of specific violations of the FDCPA are:

    a. Defendants violated 15 U.S.C. § 1692g(a)(1) for failing to state a complete and reasonable disclosure of accruing and unknown charges the Defendants claim is owed. More specifically, Defendants were attempting to collect an increased $1,043 in unknown charges over the course of only 32 days (between 1/10/2011 – 2/11/2011) and to collect increased additional $43.18 unknown charges over the next 137 days (between 2/11/2011 – 6/28/2011).

    b. Defendants violated 15 U.S.C. § 1692d which prohibits conduct that would harass, oppress or abuse *any* person in connection with a debt in the following ways:

        i. Requiring plaintiff to take conditional default in order to reestablish repayment terms with defendant, and

        ii. Demanding repayment terms in violation of federal law, specifically, the Truth In Lending Act.

    c. Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt, specifically:

   i. Demanding payment in an unreasonable amount in violation of the Truth in Lending Act (15 U.S.C. § 1600 *et. Seq.*);

   ii. Requiring plaintiff to take conditional default in order to reestablish repayment terms with defendant;

   iii. Failing to state a complete and reasonable disclosure of accruing and unknown charges the Defendants claim is owed. More specifically, Defendants were attempting to collect an increased $1,043 in unknown charges over the course of only 32 days (between 1/10/2011 – 2/11/2011) and to collect increased additional $43.18 unknown charges over the next 137 days (between 2/11/2011 – 6/28/2011); and

   iv. Demanding interest not owed.

  d. Defendants violated 15 U.S.C. § 1692e by misrepresenting that defendants had the right to demand with 20% down and large monthly payments, when they were only permitted to demand payment pursuant to the terms of 15 USCS § 1666i-1(c).

61. As a result of each and every violation of the FDCPA, the plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT 4

### Violation of the Truth in Lending Act or "TILA"

### (AS AGAINST ALL DEFENDANTS)

62. Plaintiff reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

63. At all times relevant hereto, CAPITAL ONE regularly extended or offered to

-14-

COMPLAINT FOR DAMAGES

Stromme v. Legal Recovery Law Offices, *et al*

extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making CAPITAL ONE a creditor within the meaning of TILA, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17). All defendants in this case have undertaken steps to effectuate repayment of debt allegedly incurred and owed to CAPITAL ONE.

64. The foregoing acts and omissions constitute numerous and multiple violations of the TILA, including but not limited to each and every one of the above cited provisions of the TILA, 15 U.S.C. § 1600 *et seq*.

65. As a result of each and every violation of the TILA, the plaintiff is entitled to $5,000.00 pursuant to 15 U.S.C. 1640; and reasonable attorney's fees and costs pursuant to 15 U.S.C. 1640 from each and every defendant, jointly and severally.

66. Specifically, it was not reasonable for Defendants, acting on behalf of CAPITAL ONE, to demand that Plaintiff pay a lump sum of $1,800 and then followed by monthly payments of $200, in order to avoid being sued, and deny Plaintiff affordable repayment options.

67. 15 U.S.C. 1600 et seq provides a card issuer, and those collecting on their behalf, must use a reasonable method for estimating the minimum periodic payments the consumer would be required to pay under the terms of the account.

68. The Truth In Lending Act provides three "safe harbor" repayment plans. Defendant did not offer a repayment plan that was as favorable or more favorable to the "safe harbor" repayment plans.

69. The requirement that plaintiff agree to a conditional default so if payments were missed, defendant could seek default judgment ex parte is not a reasonable method of repayment of a debt as required by the Truth and Lending Act, as modified by the Credit CARD Act of 2009 (15 U.S.C. 1600 *et. seq*).

///

COMPLAINT FOR DAMAGES

Stromme v. Legal Recovery Law Offices, *et al*

70. Pursuant to 15 USC § 1666i-1(c), Defendants were not permitted to request payment in the amount they did. By doing so, Defendants violated the Truth in Lending Act. By hiring Defendants to act in the manner they did on their behalf, CAPITAL ONE also violated the Truth In Lending Act.

71. Under 15 U.S.C. § 1640(a), it is not necessary to allege or to prove actual damages to recover statutory damages.

## COUNT 5

## NEGLIGENCE

### (AS AGAINST LRLO AND RUNDQUIST)

72. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

73. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence.

74. Defendants negligently inflicted emotional distress.

75. Defendants breached a duty imposed and failed to exercise ordinary care.

76. Defendants owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code §1788 et seq. and 15 U.S.C. § 1692) and unlawful debt repayment demands (15 U.S.C. § 1601).

77. The breach of such duty proximately caused injury to Plaintiff.

78. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff from.

79. Plaintiff is a member of the class of persons the statutes were designed to protect.

80. Defendants' conduct, as described herein, was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

81. Defendants negligently trained, supervised, and retained, its employees and agents.

82. Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress in that the Defendants wrongful conduct has caused harm as described above.

83. It is clearly foreseeable that Defendants' actions as described herein could cause harm, including severe and serious emotional distress.

84. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial. Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiff's harm as noted above.

85. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

    a. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

    d. An award of actual damages pursuant to California Civil Code § 1788.30(a);

    e. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b );

    f. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code§ 1788.30(c).

    g. An award of actual damages pursuant to California Civil Code § 1788.11;

/ / /

      h.  An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.11;

      i.  An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code§ 1788.11.

      j.  An award of statutory damages of $5,000 in Statutory Damages Pursuant to 15 U.S.C. 1640;

      k.  An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. 1640.

      l.  Actual damages under common law;

      m.  Punitive damages.

      n.  Such other and further relief that may be just and proper.

86. Pursuant to the seventh amendment to the Constitution of the United States of America, the plaintiff is entitled to, and does hereby demand, a trial by jury as against all defendants and as to all causes of action.

Dated this: **November 8, 2011**

**CROWLEY LAW GROUP**

/s/ Michael L. Crowley
Michael L. Crowley
Attorney for the Plaintiff
Natalie Stromme

**CROWLEY LAW GROUP**

/s/ Andre L. Verdun
Andre L. Verdun
Attorney for the Plaintiff
Natalie Stromme

**DEMAND FOR JURY TRIAL**

**NOW COMES** the plaintiff, Natalie Stromme, by and through her attorneys, Michael L. Crowley and Andre L. Verdun, who does hereby demand a trial by jury in the above-captioned matter.

Dated this: **November 8, 2011**

                **CROWLEY LAW GROUP**

                /s/ Michael L. Crowley
                Michael L. Crowley
                Attorney for the Plaintiff
                Natalie Stromme

                **CROWLEY LAW GROUP**

                /s/ Andre L. Verdun
                Andre L. Verdun
                Attorney for the Plaintiff
                Natalie Stromme

℅JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
atlie Stromme

## DEFENDANTS
Legal Recovery Law Offices, Inc., Andrew Rundquist, and Capital One Services, LLC

**(b)** County of Residence of First Listed Plaintiff: **Los Angeles**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
ichael L. Crowley, Andre L. Verdun of Crowley Law Group
)1 West A Street, Ste 925 San Diego, CA 92101

Attorneys (If Known): **'11CV2608 BEN JMA**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 15 USC 1692; Title 15 USC 1601; Cal. Civ. Code 1788; Cal. Civ. Code 1788.17, Negligence
Brief description of cause:
Defendants violated state and federal debt collection law and other laws in collection of debt.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ According to proof
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 11/08/2011
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____